**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0566-16T3

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

v.

ABHINABA BARTHAKUR,

      Defendant-Appellant.

_____

Submitted October 12, 2017 — Decided October 23, 2017

Before Judges Haas and Gooden Brown.

On appeal from Superior Court of New Jersey,
Law Division, Somerset County, Indictment No.
14-12-0797.

Hegge & Confusione, LLC, attorneys for
appellant (Michael Confusione, of counsel and
on the brief).

Michael H. Robertson, Somerset County
Prosecutor, attorney for respondent (Perry
Farhat, Assistant Prosecutor, on the brief).

PER CURIAM

    Following a bench trial, defendant was convicted of third-degree terroristic threats, N.J.S.A. 2C:12-3(a).  The judge sentenced defendant to twenty-four months of probation conditioned on defendant serving 180 days in the county jail.

On appeal, defendant raises the following contentions:

Point [I]

The trial court erred in denying defendant's motion for acquittal and, then, in finding defendant guilty of third-degree terroristic threats.

Point [II]

Defendant's sentence is improper and excessive.

We affirm.

Turning to Point I, defendant argues that the trial judge incorrectly denied his motion for a judgment of acquittal at the end of the State's case-in-chief, and that the judge's verdict at the conclusion of the trial was against the weight of the evidence. We disagree.

A motion for acquittal must be granted "if the evidence is insufficient to warrant a conviction." R. 3:18-1.

> On a motion for judgment of acquittal, the governing test is: whether the evidence viewed in its entirety, and giving the State the benefit of all of its favorable testimony and all of the favorable inferences which can reasonably be drawn therefrom, is such that a jury could properly find beyond a reasonable doubt that the defendant was guilty of the crime charged.
>
> [State v. D.A., 191 N.J. 158, 163 (2007) (citing State v. Reyes, 50 N.J. 454, 458-59 (1967)).]

A-0566-16T3

We have stated that "the trial judge is not concerned with the worth, nature[,] or extent (beyond a scintilla) of the evidence, but only with its existence, viewed most favorably to the State." State v. DeRoxtro, 327 N.J. Super. 212, 224 (App. Div. 2000) (quoting State v. Kluber, 130 N.J. Super. 336, 341 (App. Div. 1974), certif. denied, 67 N.J. 72 (1975)). Our review of a trial court's denial of a motion for acquittal is "limited and deferential[,]" and is governed by the same standard as the trial court. State v. Reddish, 181 N.J. 553, 620 (2004).

In considering whether a guilty verdict was against the weight of the evidence produced at trial, "our task is to decide whether 'it clearly appears that there was a miscarriage of justice under the law.'" State v. Smith, 262 N.J. Super. 487, 512 (App. Div.) (quoting R. 2:10-1), certif. denied, 134 N.J. 476 (1993). "We must sift through the evidence 'to determine whether any trier of fact could rationally have found beyond a reasonable doubt that the essential elements of the crime were present.'" Ibid. (quoting State v. Carter, 91 N.J. 86, 96 (1982)).

Applying these standards, we conclude that the State presented sufficient proofs both in its case-in-chief and in the full trial to establish beyond a reasonable doubt that defendant made terroristic threats.

A-0566-16T3

A person who "threatens to commit any crime of violence with the purpose to terrorize another" is guilty of third-degree terroristic threats. N.J.S.A. 2C:12-3(a). On the day of the incident, one of defendant's neighbors called the police to report that defendant was shooting off a gun on his property. Two police officers went to defendant's home to investigate. Upon their arrival, defendant approached the officers aggressively and began screaming at them to get off his property. The officers saw that defendant had a large dog barking and roaming the perimeter of the house.

Despite the officers' efforts to calm defendant, he threatened to let his dog loose to attack them. Defendant then stated he was going to get his gun, and started running toward his house. At that point, the officers grabbed defendant and arrested him. At the police station, defendant stated he would shoot the officers and anyone else who came on his property. Defendant also threatened to cut off the feet of one of the officers. The trial judge found that the officers' testimony was credible.

Under these circumstances, we discern no basis for disturbing defendant's conviction. The State's proofs regarding the serious threats defendant made were overwhelming. Thus, we reject defendant's contention on this point.

A-0566-16T3

In Point II, defendant argues that his sentence was excessive. We disagree.

Trial judges have broad sentencing discretion as long as the sentence is based on competent credible evidence and fits within the statutory framework. State v. Dalziel, 182 N.J. 494, 500 (2005). Judges must identify and consider "any relevant aggravating and mitigating factors" that "are called to the court's attention[,]" and "explain how they arrived at a particular sentence." State v. Case, 220 N.J. 49, 64-65 (2014) (quoting State v. Blackmon, 202 N.J. 283, 297 (2010)). "Appellate review of sentencing is deferential," and we therefore avoid substituting our judgment for the judgment of the trial court. Id. at 65; State v. O'Donnell, 117 N.J. 210, 215 (1989); State v. Roth, 95 N.J. 334, 365 (1984).

We are satisfied the judge made findings of fact concerning aggravating and mitigating factors that were based on competent and reasonably credible evidence in the record, and applied the correct sentencing guidelines enunciated in the Code, including the imposition of a custodial term for this third-degree offense. Accordingly, we discern no basis to second-guess the sentence.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0566-16T3